UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DUBE ENVIRONMENTAL, INC.,<br><br>                            Plaintiff,<br><br>v.<br><br>PEAKS RENEWABLES, LLC,<br><br>                            Defendant. | CIVIL ACTION<br>Docket No: |

## COMPLAINT

NOW COMES Plaintiff Dube Environmental, Inc. ("Dube") and for its Complaint against Defendant Peaks Renewables, LLC ("Peaks") states as follows.

### Nature of the Action

1. This action arises from Peaks' refusal to pay a Maine family business, Dube, $200,000 for trucking manure to Peaks' facility. Peaks' proffered justifications for refusing to pay $200,000 for Dube's trucking services are facially nonsensical. Instead, Peaks appears to have withheld payment because it gambled that the relatively modest amount involved, and the threat of punitive counterclaims, would dissuade Dube from seeking money that it is owed. Dube provided the trucking services and Peaks, pursuant to the parties' written agreement, must pay for them.

### Parties

2. Plaintiff Dube Environmental, Inc. is a business corporation organized under the laws of Maine and in good standing. Its principal place of business is in Sidney, Maine.

3. Defendant Peaks Renewables, LLC (formerly Peaks Renewables, Inc.) is a limited liability company organized under the laws of Colorado and in good standing in Maine.

#17296764v1

## Jurisdiction and Venue

4. Dube is a Maine corporation with principal place of business in Maine. Thus, for purposes of federal diversity jurisdiction, Dube is a citizen of Maine.

5. Peaks is a limited liability company organized under the laws of Colorado.

6. Upon information and belief, the only member of Peaks is Summit Utilities, Inc.

7. Summit Utilities, Inc. is a business corporation organized under the laws of Colorado with principal place of business in Colorado.

8. Peaks is a limited liability company whose only member is a citizen of Colorado. Thus, for purposes of federal diversity jurisdiction, Peaks is a citizen of Colorado.

9. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is diversity of citizenship between Dube and Peaks.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events and omissions giving rise to the claims asserted herein occurred in this judicial district.

## Facts Common to All Counts

11. Dube is a family business founded by Michael Dube that provides pumping and general maintenance for septic tanks and other waste containers for residential and commercial customers through Maine. The business has roughly eighteen (18) employees. Mike Dube serves as operations manager; his wife Louise serves as office manager and vice president of finance; and their son Ryan serves as operations manager.

12. Beginning in 2023, Peaks operated a digester facility in Clinton, Maine that processed manure and bedding procured from area dairy farms into natural gas.

#17296764v1

13. In July 2022, Dube and Peaks entered into a Truck Transportation Services Agreement ("July 2022 Agreement"), later amended. A true and correct copy of the July 2022 Agreement is attached to this Complaint as **Exhibit A**.

14. Under the July 2022 Agreement, Dube provided transportation services to Peaks by trucking manure and animal bedding from central Maine dairy farms to Peaks' digester facility in Clinton.

15. Under the July 2022 Agreement, Dube was paid a fixed amount of 3.5 cents per gallon of effluent trucked, and $2.25 per cubic yard of animal bedding trucked, with payment surcharges or "credits" (reductions in payments to Dube) based on diesel fuel prices. *See* Exhibit A (Schedules B and C).

16. The July 2022 Agreement was amended in writing in June 2023 to change the structure of Dube's payment to $225 per hour and to eliminate the fuel adjustment provision. A true and correct copy of the written amendment to the July 2022 Agreement is attached as **Exhibit B**.

17. The July 2022 Agreement was not otherwise amended in any way material to this dispute.

18. Exhibits A and B, collectively, shall be referred to as the "Agreement."

19. By letter dated October 29, 2023, Peaks abruptly terminated the Agreement, without providing Dube with an opportunity to cure. A true and correct copy of the termination letter provided by Peaks to Dube is attached as **Exhibit C**.

20. Dube submitted its final invoices to Peaks shortly after Peaks terminated the Agreement.

21. By letter dated December 8, 2023, Peaks notified Dube that it refused to pay over $230,000 it owed on the final invoice submitted by Dube. A true and correct copy of this letter is attached as **Exhibit D**.

*Peaks wrongly invokes the Signing Bonus to withhold $100,000 in payment*

22. Peaks falsely asserted that the Agreement authorized it to "setoff and withhold[ ]" amounts that it owed to Dube under Dube's final invoice.

23. First, Peaks asserted that it was setting off $100,000 from its payment to Dube "for the advance payment paid by Peaks to Dube for equipment to render the Services."

24. Peaks was referring to the unconditional signing bonus of $100,000 that it paid to Dube pursuant to Sec. 25 of the Agreement (the "Signing Bonus").

25. Pursuant to the express terms of the Agreement, Peaks paid Dube the Signing Bonus with no conditions, other than Dube entering into the Agreement. *See* Exhibit A, at Sec. 25.

26. Moreover, Section 11 of the Agreement provided no basis for Peaks to "set off" any amount of the Signing Bonus. Section 11 authorized Peaks to set off amounts owed to Dube against amounts that *Dube* owed to *Peaks*.

27. The Signing Bonus, however, was due and owing (and actually paid) from Peaks to Dube, rather than the other way around, so Peaks' payment of the Signing Bonus could not logically "set off" other amounts that Peaks also owed to Dube.

28. Nor was the Agreement—which, by its terms, may only be modified, amended, or supplemented by written agreement between the parties (Sec. 30)—ever amended to add conditions requiring Dube to purchase equipment, let alone do anything else, to receive the Signing Bonus.

29. Peaks invoked the set-off provision in Section 11 of the Agreement in bad faith to justify its refusal to pay Dube $100,000 for services that Dube performed.

***Peaks' baseless invocation of an October 2023 accident to avoid paying another $100,000***

30. Peaks justified its refusal to pay Dube an additional $100,000 by explaining that Peaks would wait until Dube's insurer had paid Peaks for repairs resulting from an October 9, 2023 accident in which Dube's driver damaged a hose at Peaks' digester facility. *See* Exhibit D.

31. In subsequent email correspondence dated January 19, 2024, Peaks' Director of Renewable Project Development Aidan Renaghan explained that Peaks "would like to release funds back to you for the repairs related to the damages claim on October 9th as soon as we are paid for these repairs." A true and correct copy of this email correspondence is attached as **Exhibit E**.

32. In reality, Peaks' own estimate of damages, according to Dube's insurance carrier Concord Group, was just $43,667, not $100,000.

33. Dube's insurance carrier ultimately paid Peaks $37,134.94 on this claim, which payment was made by June 14, 2024.

34. Peaks never returned to Dube any of the $100,000 it withheld from payment on Dube's final invoice to Dube related to repairs from the October 2023 accident.

35. Through counsel, Dube sent a demand letter on June 11, 2024 demanding payment of the amounts on Dube's final invoice that Peaks refused to pay.

36. Peaks responded, through counsel, with a July 1, 2024 letter refusing to pay any amounts and threatening to "counterclaim and seek damages for all of Dube's material breaches which would quickly exceed any claims Dube may have against Peaks."

#17296764v1

### Count I:  Breach of Contract

37. Dube realleges and incorporates by reference the foregoing allegations.

38. Dube and Peaks entered into an enforceable and valid written contract, later amended.

39. Peaks breached its contract with Dube by failing to pay $200,000.00 for services that Dube provided pursuant to that contract.

40. Peaks' failure to pay the $200,000.00 for services provided by Dube was unjustified and without basis in the contract between the parties.

41. As a result of Peaks' breach of its contract with Dube, Dube has suffered damages.

### Count II: Quantum Meruit

42. Dube realleges and incorporates by reference the foregoing allegations.

43. Dube rendered services to Peaks at Peaks' request.

44. Peaks has not provided compensation to Dube for the services rendered.

45. The circumstances under which Dube rendered the services make it reasonable for Dube to expect to receive compensation in the amount of the value of the services provided.

### Count III: Unjust Enrichment

46. Dube realleges and incorporates by reference the foregoing allegations.

47. Dube conferred a benefit on Peaks and Peaks had appreciation and knowledge of the benefit.

48. The retention of the benefit by Peaks was under such circumstances as to make it inequitable for Peaks to retain the benefit without payment of its value.

49. As a result, Peaks has been unjustly enriched.

## **Claim for Relief**

Plaintiff Dube Environmental Inc. respectfully requests the following relief from this Court:

a. An order finding Defendant Peaks Renewables LLC liable for each count asserted against it;

b. An order awarding Plaintiff money damages;

c. An order awarding Plaintiff compensation in the amount of the value of the services it provided;

d. An order awarding Plaintiff restitution in the amount by which Defendant was unjustly enriched;

e. An order awarding Plaintiff pre-judgment interest, post-judgment interest, costs, and attorneys' fees; and

f. An order awarding such other relief as this Court deems just and proper.

Dated: October 29, 2024

/s/ Kyle M. Noonan
Kyle M. Noonan
PIERCE ATWOOD LLP
Merrill's Wharf
254 Commercial Street
Portland, ME  04101
(207) 791-1100
knoonan@pierceatwood.com

*Attorney for Plaintiff Dube Environmental Inc.*