UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| DUBE ENVIRONMENTAL, INC., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-00365-LEW |
| | ) | |
| PEAKS RENEWABLES LLC, | ) | |
| | ) | |
| Defendant | ) | |

**ORDER ON CROSS-MOTIONS FOR ATTACHMENT & TRUSTEE PROCESS**

Plaintiff and Counterclaim Defendant Dube Environmental, Inc, and Defendant and Counterclaim Plaintiffs Peaks Renewables LLC are former business associates under a Truck Transportation Services Agreement. Following Defendant's severance of the relationship, Plaintiff has sued Defendant for non-payment for services rendered (Compl., ECF No. 1). Defendant has counterclaimed for damages arising from alleged failures of performance. The matter is now before the Court on Cross Motions for Attachment and Trustee Process (ECF Nos. 2 & 11/13), which I now deny.

Rule 64 of the Federal Rules of Civil Procedure provides that provisional remedies like attachment and trustee process are available in a federal court to the extent they would be available in a state court within the District. In order to grant a motion for attachment and trustee process, the court must find that it is:

> more likely than not that the plaintiff will recover judgment, including interest and costs, in an amount equal to or greater than the aggregate sum of the attachment and any liability insurance, bond, or other security, and any property or credits attached by other writ of attachment or by trustee process shown by the defendant to be available to satisfy the judgment.

Me. R. Civ. P. 4A(c), 4B(c); *Lund v. Smith*, 787 F. Supp. 2d 82, 83 (D. Me. 2011).

"Under this standard, a moving party must show a greater than 50% chance of prevailing." *Richardson v. McConologue*, 672 A.2d 599, 600 (Me. 1996). To determine the Motions, "the court assesses the merits of the complaint and the weight and credibility of the supporting affidavits," but the court is not required to "address complex legal issues or rectify factual disputes in a summary attachment hearing." *Porrazzo v. Karofsky*, 1998 ME 182, ¶ 7, 714 A.2d 826. The moving party also must demonstrate the amount of damages to which it would be entitled upon prevailing, and if it cannot substantiate the amount requested in the motion, the court has the discretion to award an attachment in a lesser amount that is supported in the movant's showing. *Cirrincione v. Pratt Chevrolet*, 275 F. Supp. 2d 26, 28 (D. Me. 2003). As to either liability or damages, "[t]he arguments of counsel cannot substitute for the required sworn statements of relevant facts." *Wilson v. DelPapa*, 634 A.2d 1252, 1254 (Me. 1993).

Following my review of the record associated with the Cross-Motions, I conclude that I cannot determine at this time that Plaintiff is more likely than not to recover in its requested amount ($200,000). Among other considerations, and contrary to Plaintiff's assertion, there is a reasonable dispute as to Plaintiff's alleged performance and there are counterclaims that might offset Plaintiff's claims. Plaintiff also seemingly acknowledges having had a need for an "opportunity to cure." Pl.'s Motion at 2. Therefore, even as to

2

the set-off of the $100,000 signing bonus and the alleged over-withholding for damages to Defendant's facility, which in another case might accommodate an early attachment, it is not evident by a preponderance who will pay what to whom at the conclusion of this commercial business dispute.

Nor can I determine at this time that Defendant is more likely than not to recover the amount it seeks ($4,900,000). Defendant's willingness to settle out with Plaintiff by making a payment calls into question the merits of its massive counterclaim. On the other hand, Defendant's willingness to conclude the parties' commercial dealings with a payment is not proof of Plaintiff's entitlement to a greater payment or of Plaintiff's substantial performance of its obligations under the Agreement.

Accordingly, the Cross-Motions for Attachment and Trustee Process (ECF Nos. 2 & 11/13) are DENIED.

SO ORDERED.

Dated this 19th day of February, 2025.

/s/ Lance E. Walker
Chief U.S. District Judge